# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Sheet Metal Local #10 Control Board Trust Fund, | Civil No. 09-2026 (JNE/SRN) |
| Plaintiffs, | |
| v. | **REPORT & RECOMMENDATION** |
| Suburban Air Conditioning Company, | |
| Defendant, | |

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment. (Doc. No. 8.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). (See Order of 4/5/10, Doc. No. 15.) For the reasons set forth herein, the Court recommends that Plaintiffs' motion be granted.

## FINDINGS OF FACT

1. Plaintiffs, Trustees of the Sheet Metal Local #10 Control Board Trust Fund ("Fund"), served and filed a Summons and Complaint in this matter on August 3, 2009, and Defendant Suburban Air Conditioning Company ("Suburban Air Conditioning") was served on August 10, 2009.

2. Defendant failed to file and serve an Answer, or in any way respond, to the Summons and Complaint.

3. The Clerk of Court entered default against Defendant on September 2, 2009.

4. The Fund is a multi-employer fringe benefit plan created and maintained pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 (37)(A). (See Affidavit of Sheila Rice in Supp. Pls.' Mot. Entry J., ¶ 2, Doc. No.

11.)

5. The Fund functions as a clearinghouse for a number of multi-employer fringe benefit plans established to provide pension, health, welfare, vacation, industry and training funds and other benefits for employees pursuant to the terms of various collective bargaining agreements. (Id.)

6. Defendant Suburban Air Conditioning is a Minnesota plumbing and heating business. (Complaint ¶3.)

7. In 1998, Suburban Air Conditioning applied for, and was granted, membership in the Twin Cities Division of the Sheet Metal and Roofing Contractors of America, Inc. ("SMARCA"). (Rice Aff. ¶¶ 3-4.)

8. SMARCA's Articles of Incorporation provide that its members delegate to SMARCA the authority to negotiate labor agreements with Sheet Metal Workers Local No. 10. (Id. ¶ 5; SMARCA's Articles of Incorp., Ex. B to Rice Aff.)

9. SMARCA and Sheet Metal Workers Local No. 10 negotiated a Collective Bargaining Agreement effective from May 1, 2009 through April 30, 2010 ("Collective Bargaining Agreement), to which Suburban Air Conditioning agreed to be bound by virtue of its membership in SMARCA. (Collective Bargaining Agreement, Ex. C to Rice Aff.)

10. The Collective Bargaining Agreement requires Suburban Air Conditioning to submit contributions to pension, health, welfare, vacation, industry and training funds in the amount per hour specified in the Collective Bargaining Agreement for each hour worked by employees covered by the Collective Bargaining Agreement. (Id.)

11. The Collective Bargaining Agreement incorporates by reference the Restated

Declaration of Trust for the Sheet Metal Local No. 10 Control Board Trust Fund ("Trust Agreement") and states that all contributions shall be paid in accordance with the Trust Agreement. (Id.)

12. The Collective Bargaining Agreement and the Trust Agreement require Suburban Air Conditioning to identify the amount due and owing for contributions on a report form to be submitted to the Fund with Suburban Air Conditioning's monthly payment. (Id.; Trust Agreement, Ex. D to Rice Aff.)

13. The Collective Bargaining Agreement and the Trust Agreement also require Suburban Air Conditioning to submit the report and payment to the Fund by the tenth day of the following month for which the contributions are due. Any employer whose report and contributions are not received by the Fund within five days after the tenth of the month, or the first working day thereafter, is considered delinquent. (Id.)

14. Suburban Air Conditioning breached the terms of the Collective Bargaining Agreement and the Trust Agreement by failing to timely submit the reports and contributions for the months of June and July, 2009. (Rice Aff. ¶¶ 11-12; Suburban Air Monthly Reports, 6/09 & 7/09, Ex. E to Rice Aff.)

15. Based on Suburban Air Conditioning's untimely submitted reports for June and July, 2009, it owes $6,851.37 for delinquent contributions. (Id.)

16. The Collective Bargaining Agreement and the Trust Agreement provide that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. If, however, the delinquent contributions and the liquidated damages assessment are not received by the Fund on or before the tenth day of the following month, the liquidated

damages assessment increases to twenty percent. (Rice Aff. ¶ 13; Exs. C & D to Rice Aff.)

17. The Fund assessed liquidated damages totaling $1,370.27 (equal to twenty percent of the contributions due and owing) for the months of June and July, 2009, against Suburban Air Conditioning. (Rice Aff. ¶14.)

18. The Collective Bargaining Agreement provides that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer. The Trust Agreement similarly provides that reasonable costs and attorneys' fees incurred by the Fund in collecting or attempting to collect delinquent contributions shall be paid by the delinquent employer. (Rice Aff. ¶ 15; Exs. C & D to Rice Aff.)

19. The Fund incurred attorney's fees and costs totaling $1,905.13 in pursuing this delinquency. (Affidavit of. Michael Eldridge, Doc. No. 12.) The attorneys' fees and costs incurred by the Fund were reasonable under the circumstances and were limited to performing those services necessary for the prosecution of the Fund's claims.

20. The total amount due and owing for delinquent fringe benefit contributions, liquidated damages and attorneys' fees and costs for the months of June and July, 2009 is $10,126.77.

## CONCLUSIONS OF LAW

1. Suburban Air Conditioning is in default under the terms of the Collective Bargaining Agreement and the Trust Agreement and the Fund is entitled to the entry of judgment.

2. Suburban Air Conditioning owes the Fund $6,851.37 for delinquent fringe benefit

contributions for the months of June and July, 2009.

3. Suburban Air Conditioning owes the fund $1,370.27 for liquidated damages for the months of June and July, 2009.

4. Suburban Air Conditioning owes the Fund $1,905.13 for attorneys' fees and costs.

## RECOMMENDATION

1. Therefore, **IT IS HEREBY RECOMMENDED THAT** Plaintiffs' Motion for Entry of Judgment (Doc. No. 8) be **GRANTED;**

2. That judgment in the amount of $10,126.77 be entered against Defendant and in favor of the Plaintiffs.

Dated: May 19, 2010

        s/Susan Richard Nelson
        SUSAN RICHARD NELSON
        United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **June 3, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.